**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*James Graham*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-645-2700*

JHG/PL AGR
2020R00219

August 21, 2023

Michael T. Simon, Esq.
Donald A. Digioia Law Group, P.A.
1299 U.S. Route 22 East
Mountainside, NJ 07092

Re: Rule 11(c)(1)(C) Plea Agreement with Dashawn Fields

Dear Mr. Simon:

This letter sets forth the plea agreement between your client, Dashawn Fields ("FIELDS"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement will expire on September 8, 2023**, if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from FIELDS to a two-count Information, which charges FIELDS with: (1) in Count One, Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a); and (2) in Count Two, with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

If FIELDS enters a guilty plea and is sentenced to at least 72 and no more than 96 months' imprisonment and three years' of supervised release on these charges (the "Stipulated Sentencing Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against FIELDS for committing Hobbs Act robbery on or about January 30, 2020 or for his possession with intent to distribute cocaine on or about January 30, 2020.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against FIELDS even if the applicable

statute of limitations period for those charges expires after FIELDS signs this agreement, and FIELDS agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, FIELDS may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), FIELDS will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 1951(a) to which FIELDS agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which FIELDS agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to FIELDS.

The prison sentences on Counts One and Two of the Information may run consecutively to each other or to any prison sentence FIELDS is serving. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and FIELDS agree that a sentence within the Stipulated Sentencing Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence FIELDS to at least 72 and no more than 96 months' imprisonment and three years' supervised release.

Further, in addition to imposing any other penalty on FIELDS, the sentencing judge as part of the sentence:

(1) will order FIELDS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order FIELDS to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; and

- 2 -

(3) with respect to Count Two, must order forfeiture pursuant to 21 U.S.C. § 853;

(4) with respect to Count Two, may deny FIELDS certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a;

(5) may order FIELDS, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation to any victim of his offense;

(6) with respect to Count One, pursuant to 18 U.S.C. § 3583, the sentencing judge may require FIELDS to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should FIELDS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, FIELDS may be sentenced to not more than two years of imprisonment, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release; and

(7) with respect to Count Two, pursuant to 21 U.S.C. § 841, the sentencing judge must require FIELDS to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should FIELDS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, FIELDS may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, or Victim and Witness Protection Act, 18 U.S.C. § 3663, FIELDS agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

<u>Forfeiture</u>

As part of his acceptance of responsibility, FIELDS agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the Hobbs Act robbery offense charged in Count One of the Information; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count Two of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense (the "Specific Property").

FIELDS agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. FIELDS agrees to consent to the entry of orders of forfeiture for the Specific Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. FIELDS understands that the forfeiture of the Specific Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, FIELDS waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

FIELDS further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981 and/or 982. FIELDS agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent FIELDS has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. FIELDS further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

FIELDS consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Specific Property. FIELDS further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

- 4 -

<u>Abandonment</u>

As part of his acceptance of responsibility, FIELDS hereby waives, abandons, surrenders, and forfeits all of his right, title, and interest in the teal colored handheld taser found in his possession on or about January 30, 2020 at the time of his arrest for the conduct charged in the Information (the "Specified Property"). FIELDS waives, releases, and withdraws any claims and defenses that FIELDS has made with respect to the Specified Property, and waives and releases any claims and defenses that FIELDS might otherwise have made to such property in the future in any proceeding, whether state or federal, administrative or judicial, or criminal or civil. FIELDS further consents to the destruction of the Specified Property.

FIELDS represents and affirms that he is the sole owner of the Specified Property, that he is aware of no other person who has an interest in the Specified Property, that he has no reason to believe that any other person might allege a legal interest in the Specified Property, and agrees that he will not assist any third party in asserting a claim involving the Specified Property.

FIELDS further waives any right FIELDS might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government or its designee might take, in its sole discretion, to carry out the abandonment, destruction, or other disposition of the Specified Property. FIELDS's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the Specified Property, including any such claim for attorney fees and litigation costs. FIELDS further agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure, abandonment, disposition, and destruction of the Specified Property.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on FIELDS by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of FIELDS's activities and relevant conduct with respect to this case.

- 5 -

Stipulations

This Office and FIELDS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Sentencing Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, FIELDS will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other

- 6 -

provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim FIELDS pursues in an appropriate forum, when permitted by law, that FIELDS received constitutionally ineffective assistance of counsel.

<u>Immigration Consequences</u>

FIELDS understands that, if FIELDS is not a citizen of the United States, FIELDS's guilty plea to the charged offenses will likely result in FIELDS being subject to immigration proceedings and removed from the United States by making FIELDS deportable, excludable, or inadmissible, or ending FIELDS's naturalization. FIELDS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. FIELDS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause FIELDS's removal from the United States. FIELDS understands that FIELDS is bound by this guilty plea regardless of any immigration consequences. Accordingly, FIELDS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. FIELDS also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against FIELDS. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude FIELDS from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between FIELDS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  JAMES H. GRAHAM
Assistant U.S. Attorney

APPROVED:

JAMEL K. SEMPER
Deputy Chief, Criminal Division

I have received this letter from my attorney, Michael T. Simon, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Dashawn Fields_ _8/25/23_    Date:
Dashawn Fields


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Michael T. Simon_    Date: 8/25/23
Michael T. Simon, Esq.

- 9 -

Plea Agreement with Dashawn Fields ("FIELDS")

Schedule A

1. This Office and FIELDS agree to stipulate as follows:

a. In the Hobbs Act robbery charged in Count One of the Information, on or about January 30, 2020, FIELDS knowingly and willfully did obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, by means of actual and threatened force, and violence, and fear of injury, immediate or future, to the person and property of another, namely, Victim-1 and Victim-2, in Passaic County, New Jersey and in furtherance thereof.

b. On or about January 30, 2020, FIELDS possessed a teal colored handheld taser for use during and in relation to the Hobbs Act robbery committed against Victim-1 and Victim-2, as charged in Count One of the Information.

c. On or about January 30, 2020, FIELDS knowingly possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, as charged in Count Two of the Information, the total quantity of which was less than 5 grams.